Exhibit 1

# **SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION**

This Settlement Agreement and General Release of All Claims Arising from the Pending Action ("Agreement"), is entered into by and between DANIEL GORDON, STEVEN P. ARNOLD, RANDY D. BROWN, GREG A. DAHLMEIER, MICHAEL D. JACKSON, RUSSELL KOSHIMIZU, BRIAN NICHOLSON, KEVIN PAULSON, JOHN A. QUIROZ, GLENN D. SMITH, and their heirs, executors, administrators, successors and assigns (collectively "Plaintiffs"), and the COUNTY OF LOS ANGELES, its elected officials, departments, employees, agents, representatives, attorneys, claims adjustors, investigators, insurers (collectively the "County"), and each and all persons named or who could have been named, in Case No. 2:17-CV-03044-JFW-RAO, titled as Daniel Gordon, et al., vs. County of Los Angeles, filed in the U.S. District Court for the Central District of California (the "Action"). The claims that are subject to this Agreement are with respect to the following facts:

## **Recitals**

A.  Plaintiffs are or were employed by the Los Angeles County Fire Department.

B.  On April 22, 2017, Plaintiffs filed the Action, which includes one cause of action for Failure to Pay Overtime for All hours Plaintiffs Work Above 147 Hours in a 24-Day Work Period in Violation of Section 207(k) of the FLSA, 29 U.S.C. § 207(k).

C.  The County and Plaintiffs desire to avoid litigation and to resolve all pending claims and issues raised by the Action and to settle all disputes and issues related to and arising out of the Action.

D.  The County expressly denies all liability and expressly denies any admission of guilt or wrongdoing.

E.  This Agreement is a full release and settlement of all claims asserted by Plaintiffs against the County in the Action.

F.  This Agreement is contingent upon and subject to approval by the County's claim process.

G.  Plaintiffs have been advised by counsel of their own choice of the effect of this Agreement and represent by their signatures on this Agreement that they freely and willingly accept all of the terms, conditions and promises contained in this Agreement. Plaintiffs understand

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
*2 of 11*

that all of their claims brought in this Action, whether or not they have merit, encompassed by this Agreement will be forever released.

## Agreement

NOW, THEREFORE, IN CONSIDERATION OF the covenants contained herein and other valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1. This Agreement is subject to the County's Claim Process, and the Parties agree that this Agreement shall be null and void in the event that the County's approval authorities deny such approval. County Counsel and outside counsel for the County agree to recommend this Settlement for approval to the proper County of Los Angeles authority in good faith, and use their best efforts to expedite the approval process.

2. Within 56 days of approval of this Agreement by the County's claim process, and in exchange for the promises and warranties of Plaintiffs as set forth below, the County shall pay the Plaintiffs the gross amount of Four Hundred Fifty Thousand and No/100 dollars ($450,000.00). This payment shall be made and allocated as follows:

   A. Thirty-Two Thousand Six Hundred Seventy-One and 60/100 dollars ($32,671.60) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Steven Arnold."

   B. Thirty-Two Thousand Six Hundred Seventy-One and 60/100 dollars ($32,671.60) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Randy Brown."

   C. Thirty-One Thousand Two Hundred Fifteen and 50/100 dollars ($31,215.50) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Greg Dahlmeier."

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
*3 of 11*

D. Thirty-Eight Thousand Seventy and 96/100 dollars ($38,070.96) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Daniel Gordon."

E. Fourteen Thousand One Hundred Twenty-Four and 59/100 dollars ($14,124.59) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Michael Jackson."

F. Thirty-Two Thousand Six Hundred Seventy-One and 60/100 dollars ($32,671.60) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Russell Koshimizu."

G. Twenty-Nine Thousand Nine Hundred One and 68/100 dollars ($29,901.68) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Brian Nicholson."

H. Sixteen Thousand Eight Hundred Twenty-Five and 07/100 dollars ($16,825.07) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "Kevin Paulson."

I. Thirty-One Thousand Nine Hundred Seventy-Nine and 12/100 dollars ($31,979.12) for back wages, which amount will be subject to, and reduced by, all applicable withholdings and payment of payroll taxes. This payment shall be made to Plaintiffs via a check payable to "John Quiroz."

J. One Hundred Eighty Nine Thousand Eight Hundred and Sixty-Eight and 28/100 dollars ($189,868.28.) for attorneys' fees, costs, and/or liquidated damages. This payment shall be made payable to plaintiffs' counsel, "Woodley & McGillivary LLP."

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
*4 of 11*

All such payments specified in this paragraph shall be delivered to Plaintiffs' attorney, Thomas A. Woodley, of Woodley & McGillivary LLP, at 1101 Vermont Ave. NW, Suite 1000, Washington D.C., 20005.

3. Plaintiffs and their attorneys recognize, understand and expressly agree that the settlement amount paid by the County to Plaintiffs pursuant to paragraph 2 of this Agreement applies to any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses, attorneys' fees and compensation whatsoever, which Plaintiffs now claim or could have claimed which is in any way related to any and all known and unknown, foreseen and unforeseen, injuries and damages and the consequences thereof resulting from any of the facts or events concerning the allegations in the Action as against the County.

4. In consideration of the covenants undertaken herein by the County, and except for those obligations created by or arising out of this Agreement, Plaintiffs, on their own behalf and on behalf of their descendants, dependents, heirs, wards, executors, administrators, agents, assigns, successors-in-interest, and attorneys do hereby covenant not to sue and acknowledges complete satisfaction of and hereby release, absolve and discharge the County, and its elected officials, departments, employees, agents, representatives, attorneys, claims adjustors, investigators, insurers, partners, joint venturers, contractors, sub-contractors, predecessors, successors, and assigns, ("Releasees") from and with respect to any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, costs, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, arising from the claims in this Action which Plaintiffs now own or hold or have at any time heretofore owned or held as against said Releasees, or any of them, arising out of the claims brought in this Action that have occurred prior to the date of this Agreement, including any and all claims, demands, agreements, obligations and causes of action, known or unknown, suspected or unsuspected by Plaintiffs: (1) alleged or set forth in the Action; or (2) arising out of or in any way connected with any transactions, occurrences, acts or omissions set forth or alleged in the Action ("Released Claim"). The Released Claims shall include, without limitation, any rights or claims the Plaintiffs may have under the Fair Labor Standards Act, and

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
5 of 11

or/related to the payment of wages for overtime work performed prior to the date of this Agreement, provided, however, that nothing contained herein shall release or discharge any claim for breach of this Agreement.

5. Plaintiffs acknowledge and agree, to the fullest extent permitted by law, that they will not institute, cause to be instituted, prosecute or allow to be prosecuted on their behalf, in any administrative agency or court, whether federal, state or local, any charge, claim or complaint based upon any Released Claim. If any such action is brought, this Agreement will constitute an affirmative defense thereto, and the County shall be entitled to recover reasonable costs and attorneys' fees incurred in defending against any Released Claim.

6. As a further condition of the consideration of this Agreement, Plaintiffs will cause their counsel to prepare all necessary documents to request the dismissal, with prejudice, of the entire Action and the withdrawal of any and all administrative proceedings now pending before any federal, state or County board, commission, tribunal, agency, or any other investigative or adjudicative entity. Plaintiffs will cause their counsel to deliver such documents, with all necessary signatures to Matthew T. Bechtel of Laquer, Urban, Clifford & Hodge, LLP, at 225 S. Lake Avenue, Suite 200, Pasadena, California 91101, who is hereby granted the authority to file such documents with the respective courts or bodies upon delivery of the payment set forth in paragraph 2 of this Agreement to counsel for Plaintiff.

7. While this Agreement resolves all issues between the County and Plaintiffs arising from this Action, it does not constitute an admission by the County of any of the matters alleged in the Action, or of any violation of federal, state or local law, ordinance or regulation, or of any violation by the County of the policies or procedures of the County of Los Angeles, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be, or shall be admissible in any proceeding as evidence of liability or wrongdoing by the County. This Agreement may be introduced, however, in any proceeding to enforce this Agreement.

8. Except as expressly provided for in this Agreement, Plaintiffs and the County shall each bear their own expenses, costs of every sort and kind, and their own attorneys' fees incurred in the Action, or before any city, county, state or federal agency, commission or tribunal, or any

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
*6 of 11*

other administrative, adjudicative or investigative body, or arising out of any of the transactions or events related to or incidental to those allegations in said Action and proceedings.

9. Plaintiffs acknowledge and agree that they may discover facts or law different from, or in addition to, the facts or law they now know or believe to exist with respect to the Action and the claims released by this Agreement. Plaintiffs agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

10. It is a further condition of the consideration hereof and is the intention of Plaintiffs in executing this instrument that the same shall be effective as a bar as to each and every claim, demand and cause of action hereinabove specified and, in furtherance of this intention, Plaintiffs hereby expressly waive any and all rights or benefits conferred by the provisions of **Section 1542 of the California Civil Code**, and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and conditions, including those relating to unknown and unsuspected claims, demands and causes of actions, if any, as well as those relating to any other claims, demands and causes of actions hereinabove specified. **Section 1542 of the California Civil Code** provides:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

Plaintiffs acknowledge that they may hereafter discover claims or facts in addition to or different from those which Plaintiffs now know or believe to exist with respect to the subject matter of this Agreement and which, if known or suspected at the time of execution of this Agreement, may have materially affected this settlement. Nevertheless, Plaintiffs hereby waive any right, claim or cause of action based on conduct occurring before the date of this agreement that might arise as a result of such different or additional facts related to the claims brought in this Action. Plaintiffs acknowledge that they understand the significance and consequence of such release and such specific waiver of **Section 1542 of the California Civil Code.**

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
7 of 11

11. The County has made no representations about and takes no position on the tax consequences of this Agreement. A dispute regarding the tax status of this Agreement shall not affect the validity of this Agreement. Plaintiffs have had an opportunity to discuss the potential tax consequences of this Agreement with their counsel and agree to indemnify and hold the County harmless from any and all costs and assessments including, but not limited to, delinquent taxes, penalties and/or assessments levied against the County in connection with this Agreement.

12. Plaintiffs warrant and represent that they have not heretofore assigned or transferred to any person not a party to this Agreement any rights under this Agreement or any released matter or any part or portion thereof, and Plaintiffs shall defend, indemnify and hold harmless the County from and against any claim (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced), based on or in connection with or arising out of any such assignment or transfer made, purported or claimed.

13. This Agreement constitutes and contains the entire Agreement and final understanding concerning the dispute between Plaintiffs and the County, prosecution of the Action, and the other subject matters addressed herein between the parties. It is intended by the parties as a complete and exclusive statement of the terms of their agreement. It supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. Any representation, promise or agreement not specifically included in this Agreement shall not be binding upon or enforceable against either party. This is a fully integrated agreement.

14. If any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end the provisions of this Agreement are declared to be severable.

15. This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the laws of the State of California without regard to principles of conflict of laws. Any action brought to interpret or enforce the provisions of this Agreement

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
*8 of 11*

shall be brought and held in the Superior Court of the State of California for the County of Los Angeles, and the parties irrevocably submit to the jurisdiction of that court.

16. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic or facsimile copies of such signed counterparts may be used in lieu of the originals for any purpose.

17. This Agreement may be amended only by a written instrument executed by all Parties hereto. No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

18. In entering into this Agreement, the parties represent that they have relied upon the advice of their respective attorneys, who are competent attorneys of their own choice, and that the terms of this Agreement have been completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them. This Agreement has been drafted by legal counsel representing the County, but Plaintiffs and their counsel have participated in the negotiation of its terms. Plaintiffs acknowledge they have had an opportunity to review and discuss each term of this Agreement with legal counsel and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

19. All parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be reasonably necessary or appropriate to give full force to the basic terms and intent of this Agreement and which are not inconsistent with its terms, including filing a Stipulation or Joint Motion to Approve the Settlement Agreement with the Court within 3 days of execution of the agreement by all parties to this action

20. The United States District Court for the Central District of California shall maintain jurisdiction to enforce the Agreement. In any proceeding to enforce any provision of this Agreement, in addition to other relief granted, the prevailing party shall recover reasonable costs of enforcement, including without limitation costs and reasonable attorneys' fees incurred therein as provided by California Civil Code Section 1717.

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
9 of 11

We have read the foregoing Agreement and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

EXECUTED this _14_ day of December, 2017, at _Azusa, CA_.

By: ___[signature]___
Daniel Gordon, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Steven Arnold, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Randy Brown, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Greg Dahlmeier, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Russell Koshimizu, an individual

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
9 of 11

We have read the foregoing Agreement and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Daniel Gordon, an individual

EXECUTED this _10_ day of December, 2017, at __WALNUT, CA__.

By: _____
Steven Arnold, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Randy Brown, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Greg Dahlmeier, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Russell Koshimizu, an individual

[Signatures continue on following page.]


SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
9 of 11

We have read the foregoing Agreement and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

EXECUTED this __7__ day of December, 2017, at __1400 hours__.

By: _____
Daniel Gordon, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Steven Arnold, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _[signature]_____
Randy Brown, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Greg Dahlmeier, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Russell Koshimizu, an individual

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
9 of 11

We have read the foregoing Agreement and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Daniel Gordon, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Steven Arnold, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Randy Brown, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: *[signature]*
Greg Dahlmeier, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Russell Koshimizu, an individual

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
9 of 11

We have read the foregoing Agreement and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Daniel Gordon, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Steven Arnold, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Randy Brown, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Greg Dahlmeier, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: *[signature]*
Russell Koshimizu, an individual

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
*10 of 11*

EXECUTED this 13 day of December, 2017, at 65 Pine Ave #154, LB, CA 90802

By: _____
Brian Nicholson, an individual

EXECUTED this ___ day of December, 2017, at _____

By: _____
Kevin Paulson, an individual

EXECUTED this ___ day of December, 2017, at _____

By: _____
John Quiroz, an individual

EXECUTED this ___ day of December, 2017, at _____

By: _____
Michael Jackson, an individual

EXECUTED this ___ day of _____, 2017, at Los Angeles County, California.

COUNTY OF LOS ANGELES

By: _____
William McCloud, Deputy Fire Chief

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
*10 of 11*

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Brian Nicholson, an individual

EXECUTED this 11 day of December, 2017, at Sunset Beach, CA

By: _____
Kevin Paulson, an individual

EXECUTED this 11 day of December, 2017, at Sunset Beach, KP

By: _____
John Quiroz, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Michael Jackson, an individual

EXECUTED this ___ day of _____, 2017, at Los Angeles County, California.

COUNTY OF LOS ANGELES

By: _____
William McCloud, Deputy Fire Chief

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No.* 2:17-CV-03044-JFW-RAO
*10 of 11*

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Brian Nicholson, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Kevin Paulson, an individual

EXECUTED this _12_ day of December, 2017, at _AGOURA HILLS CALIFORNIA_

By: _____
John Quiroz, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Michael Jackson, an individual

EXECUTED this ___ day of _____, 2017, at Los Angeles County, California.

COUNTY OF LOS ANGELES

By: _____
William McCloud, Deputy Fire Chief

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
*U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO*
10 of 11

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Brian Nicholson, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
Kevin Paulson, an individual

EXECUTED this ___ day of December, 2017, at _____.

By: _____
John Quiroz, an individual

EXECUTED this 4th day of December, 2017, at Inglewood, CA 90301.

By: _____
Michael Jackson, an individual

EXECUTED this 4th day of January, 2018, at Los Angeles County, California.

COUNTY OF LOS ANGELES

By: _____
William McCloud, Deputy Fire Chief

[Signatures continue on following page.]

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ARISING FROM PENDING ACTION
*Daniel Gordon v. County of Los Angeles*
U.S.D.C. Case No. 2:17-CV-03044-JFW-RAO
11 of 11

Reviewed and approved as to form and content:

Woodley & McGillivary LLP
By: *[signature]*
Diana Nobile
Attorney for Plaintiffs

County of Los Angeles, Office of the County Counsel
By: *[signature]*
Rick Brouwer
Attorney for County of Los Angeles

Laquer, Urban, Clifford & Hodge LLP
By: *[signature]*
Matthew T. Bechtel
Attorney for County of Los Angeles